ATTACHMENT A

FILED

22 MAY 31 PM 4: 11

HEIDI PERCY
COUNTY CLERK
SNOHOMISH CO. WASH

1

22-2-03156-31
CMP            3
Complaint
12464750

5

6

## SUPERIOR COURT OF WASHINGTON
## COUNTY OF SNOHOMISH

7

8       MIKE ADRIAN,

No.

                          Plaintiff,

COMPLAINT FOR DAMAGES

9       Vs.

10      ISLAND COUNTY, and JOHN NIEDER, a single
        individual,
11

12                              Defendants.

13

14          COMES NOW, the Plaintiff, by and through his attorney of record, Rodney R. Moody, and

15      hereby alleges as follows:

16                              I.   PARTIES

17      1.1    Plaintiff Mike Adrian (hereinafter Adrian) is a single individual residing in Snohomish County,

18             Washington.

19
        1.2    Island County is a governmental body and at all times material the Island County Sheriff's
20
               Department was an agency of Island County.
22

23      1.3    John Nieder is a single individual residing in Skagit County, Washington.

24                         II. JURISDICTION AND VENUE

25      2.1    The acts and omissions complained of below occurred in Island County, Washington.

26      2.2    Venue is proper in Snohomish County as this litigation involves Island County, Washington.

27

COMPLAINT FOR DAMAGES

Page 1 of 12

*Law Office of*
**RODNEY R. MOODY**
2707Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

### III. FACTS

3.1   Adrian has been employed as a commissioned Deputy Sherriff for the Island County Sherriff's Department since October 2017.

3.2   At all times during his employment Adrian has performed his job in a fully satisfactory manner.

3.3   In March 2019 Adrian was supervised by Sgt. John Nieder.

3.4   On March 13, 2019, Adrian reported to Sheriff Rick Felici that Sgt. Nieder had approached him from behind and grabbed his chest underneath his protective equipment in an aggressive and sexual manner.  This physical contact was unwelcomed by Adrian and considered by him to be a battery upon his person.  Sheriff Felici assured Adrian that he would be protected from any retaliatory conduct resulting from this report.

3.5   Lt. Scott Fague asked Adrian if he could continue to work with Sgt. Neider.  Adrian informed Lt. Fague he did not believe that was possible given that he had just been assaulted by him. Lt. Fague responded to Adrian that there was no physical assault because there had been no injury.

3.6   As a result of his desire to avoid working with Sgt. Nieder, Adrian was forced to alter his work schedule and use Paid Time Off to avoid scheduling conflicts to Adrian's financial detriment.

3.7   Because of the battery which had occurred, multiple deputies expressed their concern to Island County management that Adrian was being forced to continue to work with Sgt. Neider.

3.8   Adrian had a previously scheduled medical procedure which he was required to use sick time to cover.  This request was initially denied by Island County until Adrian contacted HR Director, Melanie Bacon.  Adrian was required to use sick time to meet these previously scheduled appointments which was a financial detriment to him.

3.9   On March 25, 2019, a meeting occurred at the Camano Fire station with Adrian, Chief Criminal Deputy Evan Tingstad, the Island County Sheriff's Department Guild representative, Chris Peabody

COMPLAINT FOR DAMAGES

*Law Office of*
**RODNEY R. MOODY**
2707Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

and HR representative Catherine Reed.  During this meeting CCD Tingstad continued to state that there was no assault because there was no injury.  When asked if a female Deputy had made these allegations would there be a different response, CCD Tingstad stated that gender has nothing to do with this.

3.10    On April 4, 2019, another meeting occurred at Adrian's attorney's office in Coupeville.  CCD Tingstad stated that no policy violation had occurred.  Adrian's attorney specifically asked CCD Tingstad to move Sgt. Nieder so that his work schedule did not coincide with Adrian, but this request was refused.  Adrian through his Counsel then requested to be put on leave so that he would be away from Sgt. Nieder, but this request was also refused.  CCD Tingstad did state that Sgt. Nieder had been offered counseling but was not required to attend.  Adrian was not offered any employee assistance services.

3.11    On April 17, 2019, CCD Tingstad held an unannounced meeting with Adrian.  During this meeting Adrian was informed that the investigation was over, and he was ordered back to work with Sgt. Nieder.  CCD Tingstad was asked why he chose to have this meeting without it being announced in advance so that Adrian could have his attorney present?  CCD Tingstad denied having knowledge that Adrian had retained counsel.

3.12    On May 7, 2019, Sgt. Nieder forwarded multiple emails to Adrian while he was on vacation.  When Adrian did not immediately respond Sgt. Nieder reported to Lt. Fague that Adrian was not responding to him.  Lt. Fague chastised Adrian for not responding to Sgt. Nieder.  Adrian informed Lt. Fague that he was on vacation when that had occurred.  This was not resolved.

3.13    On August 2, 2019, Adrian wrote an email to Sgt. Nieder requesting that he stop trying to get physically close to him.  That same evening, Adrian was involved in an on-duty motor vehicle accident.  Sgt. Nieder was called to the scene and waited until no one else was around to step close

COMPLAINT FOR DAMAGES

Page 3 of 12

*Law Office of*
**RODNEY R. MOODY**
2707Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

to Adrian and touched him on the shoulder.  Adrian again reiterated to Sgt. Nieder he did not want him touching him or any of his personal items.

3.14    In August 2019 Sgt. Nieder forwarded an email to Adrian informing him that his timesheets were "not consistent with the quality of work expected of a Deputy who has been filling out timesheets for over two years." He informed Adrian that he would be putting examples of his timesheets into his personnel file as "an example of my submitted work product."  On August 21, 2019, Adrian spoke with Lt. Fague who informed Adrian that Sgt. Nieder was within his rights as a supervisor to put the note about timesheets in his personnel file, but he also informed Adrian he had never heard of any supervisor ever putting timesheets into a personnel file as an example of a "work product."

3.15    On September 9, 2019, Adrian was disciplined in the form of a written counseling for sending an email to Sgt. Nieder requesting that he stop touching him.  During a meeting regarding this letter CCD Tingstad was angry and addressed Adrian in an elevated voice.  He told Adrian that he took his actions as a personal insult and described him as engaging in passive-aggressive behavior.  CCD Tingstad's misconduct was witnessed by Sheriff Felice, HR Director Bacon and the Guild representative.

3.16    On January 6, 2020, Adrian forwarded an email to Lt. Fague reporting to him that Sgt. Nieder had touched him again on three separate occasions on August 2, November 18, and December 29, 2019.

3.17    On January 17, 2020, Adrian was issued a written reprimand from CCD Tingstad for him having sent an email on January 6, 2019 reporting Sgt. Nieder's continual actions of touching Adrian.

3.18    On January 24, 2020, a grievance was filed by the Guild on behalf of Adrian addressing the written warning that had been issued.

3.19    Adrian had a telephone call with Lt. Fague on February 13, 2022, during which he reported that Sgt. Nieder was following Adrian while at work.

COMPLAINT FOR DAMAGES

Page 4 of 12

Law Office of
**RODNEY R. MOODY**
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

3.20  On February 26, 2020, a grievance meeting occurred which included Sheriff Felici, CCD Tingstad, Adrian and his F.O.P. attorney and Guild representative, Villanueva.  During this meeting CCD Tingstad again raised his voice to a level where Sheriff Felici was compelled to clear the room. Upon resuming the meeting, the HR representative, Catherine Reed notified Adrian that the written letter previously issued by CCD Tingstad would only be removed from his file if he signed a work agreement letter.  The verbal agreement resolving this matter was not consistent with the actual letter presented to Adrian for his signature.

3.21  In 2020 Adrian while at work acted to save the life of an Island County resident.  Lt. Fague recommended to Sheriff Felici that Adrian be awarded a Life Saving Award.  Instead, Sheriff Felici gave Adrian a $25 Amazon gift card.

3.22  On March 5, 2020 Sheriff Felici deducted two hours of pay from Adrian for attending the meeting he was called in to attend on February 26, 2020 in Coupeville.

3.23  On April 1, 2020 Adrian had his pay deducted by $135.22 from his uniform allowance without his consent after he was required to purchase PPE equipment that Island County failed to provide.

3.24  During a conversation with Lt. Fague on May 1, 2020, Adrian was notified that the "higher ups" were watching him, and it was recommended to Adrian that he start documenting everything he does so that he could demonstrate his actions while on patrol.  Lt. Fague told Adrian this advice was only for "Adrian's protection."

3.25  In September 2020 Adrian was assaulted while responding to a duty related call.  Adrian needed a medical release from the hospital before transporting the subject to jail.  While waiting with the subject at the hospital Adrian was contacted by Sgt.  Nieder and directed not to take the subject to jail even though Adrian had been physically assaulted by this individual.

COMPLAINT FOR DAMAGES

*Law Office of*
**RODNEY R. MOODY**
2707Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

3.26   On September 14, 2020, Adrian checked his personnel file and observed that the disciplinary letter which was the subject of the Guild grievance that had been contractually agreed removed from his file had not been removed.

3.27   On November 4, 2020, Adrian's F.O.P. attorney sent a letter to Sheriff Felici requesting a response because the Guild agreement to remove the disciplinary letter from Adrian's personnel file had not been complied with.  Sheriff Felici did not respond to this request.

3.28   On February 29, 2021, Adrian was refused a Metal of Honor that multiple deputies had recommended he receive when Adrian solely apprehended a barricaded murder suspect making the scene safe for medical personnel to provide aid to the victims.  All inquiries as to why Adrian was refused this honor have been ignored by Sheriff Felici.

3.29   On July 4, 2021, Adrian requested additional training which was refused.  Upon information and belief several other deputies have received the additional training requested by Adrian.

3.30   In September 2021 Sgt. Nieder asked that he switch schedules with Deputy Helte.  The effect of this which would have required Sgt. Nieder and Adrian to work an entire shift together.  Adrian for two years at that point had changed his schedule to avoid working directly with Sgt. Nieder.  Deputy Helte denied this request from Sgt. Nieder.

3.31   On October 18, 2021, a second grievance was filed by the Guild when the CCD Tingstad refused to replace damaged equipment as previously agreed between ICSO and the Guild.  This grievance was written by Guild members.  Sheriff Felici's response failed to acknowledge the breach of the contract but did make disparaging remarks towards Adrian implying that the broken equipment was Adrian's responsibility.

COMPLAINT FOR DAMAGES

*Law Office of*
**RODNEY R. MOODY**
2707Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

3.32   In January 2022 Adrian had been assigned a new 2019 Dodge Charger patrol vehicle.  Sheriff Felici directed that the new vehicle be removed from Adrian, and he was reassigned to one of the oldest patrol vehicles in the fleet.

3.33   On October 25, 2021, Adrian purchased his own personal service weapon.  He was immediately directed to return his issued service weapon by Lt. Fague.  Other deputies who had similarly purchased a personal service weapon were not required to turn in their issued weapon as was Adrian.

3.34   In February 2022 Adrian requested that his schedule be adjusted by one hour so that he would not be in close proximity to Sgt. Nieder.  Lt. Fague sent him an email denying this request.  One year prior it had been approved that Adrian would take one hour per day for several months using his PTO to avoid Sgt. Nieder.  This had a financial impact upon him.

3.35.  In February 2022 Adrian assisted the Washington State Patrol with a serious motor vehicle injury accident.  CCD Tingstad disparaged Adrian in email communications regarding this incident which included comments that reflected negatively upon Adrian.

3.36   In March 2021 Adrian had applied for an open position with the Mason County Sheriff's Office.  His background was investigated by Detective McArdle of the MCSO.  Detective McArdle traveled to Coupeville and upon information and belief spoke with Sheriff Felici and CCD Tingstad.  Detective McArdle then traveled to Camano Island and spoke with Sgt. Nieder regarding Adrian.

3.37   Adrian's application with the MCSO, including his personal interview, had been uniformly positive until Detective McArdle made these contacts after which Adrian's application was no longer considered.

COMPLAINT FOR DAMAGES

*Law Office of*
**RODNEY R. MOODY**
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

3.38  Sgt. Nieder had previously been employed by the Island County Sheriff's Department.  He was terminated from employment for engaging in inappropriate communications and touches with both male and female employees.

3.39  Sheriff Felici was involved in rehiring Sgt. Nieder, knowing his prior history for inappropriate communications and touches.

3.40  Adrian has been informed by ICSO management that Sgt. Nieder has been directed to have no physical contact with Adrian.  Adrian continues to experience being touched in unwelcome and harmful ways by Sgt. Nieder.

3.41  Adrian is primarily assigned to work on Camano Island which has only one access point.  Despite being directed to avoid contact with Adrian, Sgt. Nieder frequently parks at this one access point when he knows that Adrian will be in the vicinity.  Adrian has observed Sgt. Nieder at this location directly watching him on multiple occasions.

3.42  Adrian and several other deputies have observed Sgt. Nieder parking near Adrian's personal residence.  This has been reported to Lt. Fague but no action has been taken by ICSO management regarding these observations.

## IV. BATTERY

4.1  Plaintiff hereby realleges the preceding paragraphs as if set forth in full.

4.2  This cause of action is brought against both Island County and John Nieder, individually.

4.3  Sgt. Neider has consistently and intentionally touched the Plaintiff in a manner which Plaintiff clearly communicated to Sgt. Neider was unwelcome, harmful, offensive, and which constitutes the act of battery upon Adrian.

COMPLAINT FOR DAMAGES

*Law Office of*
**RODNEY R. MOODY**
2707Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940  Fax (425) 740-2941

4.4     ICSO has been notified by Adrian of the touches forced upon him as well as his perception that these touches were unwelcome, harmful, and offensive.  Despite this knowledge the ICSO has failed to take sufficient steps to stop this inappropriate conduct by Sgt. Nieder.

4.5     Plaintiff has experienced both special and general damages in an amount to be established at trial.

## V. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

5.1     Plaintiff hereby realleges the preceding paragraphs as if set forth in full.

5.2     This cause of action is alleged against both Island County and Sgt. Nieder individually.

5.3     Defendant owed this Plaintiff the duty not to inflict emotional distress.

5.4     Sergeant Nieder, with the knowledge of Defendant, continues to inflict emotional distress upon the Plaintiff after his actions were brought to the attention of his superiors.

5.5     This Plaintiff is entitled to damages for emotional distress in an amount to be established at trial.

## VI. FALSE LIGHT

6.1     The Plaintiff hereby realleges the preceding paragraphs as if set forth in full.

6.2     Island County representatives made false and harmful comments regarding Adrian to two representatives of the Mason County Sheriff's Office when Adrian applied for a lateral position.

6.3     Adrian has experienced emotional suffering because of the intentionally harmful comments made by ICSO representatives impacting Adrian's reputation within the law enforcement community.

6.4     The ICSO knew or should have known that the information provided to Mason County Sheriff representatives was false and or intended to mislead the representatives.

6.5     Adrian has suffered both general and special economic damages in an amount to be established at trial.

COMPLAINT FOR DAMAGES

Page 9 of 12

*Law Office of*
**RODNEY R. MOODY**
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

## VII. NEGLIGENT HIRING

7.1     Plaintiff hereby realleges the preceding paragraphs as if set forth in full.

7.2     The ICSO was aware that Sgt. Neider had previously been terminated from employment with the ICSO because of inappropriate contact and touching with fellow employees of both genders.

7.3     Despite this knowledge Island County rehired Sgt. Neider and placed him into a supervisory position over Adrian.

7.4     Plaintiff has experienced both general and special damages because of the negligent hiring of Sgt. Neider by Island County.

## VIII. NEGLIGENT SUPERVISION

8.1     All Plaintiff's reallege the preceding paragraphs as if set forth in full.

8.2     The Island County Sheriff's Department failed in its responsibility to monitor and direct the actions of an employee, Sgt. Nieder.

8.3     The actions of Sgt Nieder by continuing to engage in battery of Adrian constitute acts outside of the scope of his employment.

8.4     The ICSO by virtue of the prior termination of Sgt. Nieder's employment for his engaging in inappropriate touching and comments to fellow deputies was aware of the dangerous tendencies of him to act outside of the scope of his employment.   The ICSO was aware that Adrian as a subordinate Deputy to Sgt. Nieder were aware that Adrian was susceptible to the actions of Sgt. Nider and failed to supervise these actions.

8.5     By this acting outside the scope of its authority, Island County has caused harm to the Plaintiff in an amount to be established at trial.

COMPLAINT FOR DAMAGES

Page 10 of 12

*Law Office of*
**RODNEY R. MOODY**
2707Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

# IX.  VIOLATION OF CIVIL RIGHTS; 42 U.S.C.A. §1983

9.1     Adrian realleges the preceding paragraphs as if fully set forth herein.

9.2     This Cause of Action is brought by Adrian against Island County for deprivation of his constitutional rights within the meaning of 42 U.S.C.A. § 1983.

9.3     The above-described actions subjected Adrian to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the United States and the due process clause of the Fourteenth Amendment to the Constitution of the United States within the meaning of 42 U.S.C.A. § 1983.

9.4     The excessive and unreasonable personal touching directed toward Adrian by Sgt. Nieder has been conducted with the knowledge of ICSO management the failed to adequately address his constitutional deprivations.

9.5     As a direct and proximate result of the above-mentioned constitutional acts of Island County the Plaintiff has sustained financial damages in an amount to be established at trial.

# X. RETALIATION

10.1    Adrian hereby realleges the preceding paragraphs as if set forth in full.

10.2    Adrian has been subjected to offensive, unwelcome, and harmful physical contacts by Sgt. Nieder. Upon information and belief these physical touches have occurred because of Adrian's gender, male.

10.3    Adrian has filed numerous complaints directly with ICSO management.  Adrian has been retaliated against because of these complaints.

10.4    The retaliation against Adrian is a violation of RCW 49.60.210.

10.5    Adrian has been damaged by way of both general and special damages in an amount to be established at trial.

COMPLAINT FOR DAMAGES

*Law Office of*
**RODNEY R. MOODY**
2707Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941

**XI.  PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays for the following relief:

1.     For Judgment against the Defendants for special and general damages in an amount to be proven at the time of trial;

2.     For their attorney fees and costs;

3.     For compensatory damages to include but not restricted to damages for emotional distress and mental anguish in amount to be proven at trial;

4.     Plaintiff demands a trial by jury; and

5.     For such additional relief as the Court may deem just and proper.

DATED this 31st day of May, 2022.

Rodney R. Moody, WSBA #17416
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES

Page 12 of 12

*Law Office of*
**RODNEY R. MOODY**
2707 Colby Ave., Ste. 603
Everett, WA 98201
WSBA #17416
(425) 740-2940   Fax (425) 740-2941